IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JERRY C. DRURY, | Civ. No. 07-396-HO |
|     Plaintiff, | ORDER |
|   v. | |
| Commissioner of Social Security, | |
|     Defendant. | |

    Plaintiff filed this action for review of the decision of the Commissioner denying his application for a period of disability and disability insurance benefits.  For the reasons that follow, the decision of the Commissioner is reversed, and this matter is remanded for further proceedings and a new decision.

## Discussion

    The Commissioner concedes that substantial evidence does not support the finding of the administrative law judge (ALJ) that plaintiff can perform the unskilled occupations of outside

deliverer, telephone information clerk and commercial cleaner. The Commissioner further concedes that the ALJ erred by failing to state reasons to reject the opinion of psychologist Linda Schmechel, Ph.D.

Substantial evidence does not support the ALJ's conclusion that plaintiff has transferable skills to permit adjustment to the semi-skilled occupation of office cleaner.

> A skill is knowledge of a work activity which requires the exercise of significant judgment that goes beyond the carrying out of simple job duties and is acquired through performance of an occupation which is above the unskilled level (requires more than 30 days to learn).
> * * *  A skill givers a person a special advantage over unskilled workers in the labor market.

SSR 82-41.  Because "the content of work activities in semiskilled jobs may be little more than unskilled[,]" "close attention must be paid to the actual complexities of the job . . . and to the judgments required to do the work."  Id.  "In evaluating the skill level of PRW [(past relevant work)] or potential occupations, work activities are the determining factors."  Id.  The VE identified no work activities that are shared by plaintiff's semiskilled PRW as a bus driver and the semiskilled office cleaner occupation, but not the unskilled commercial cleaner position.  She testified that she did not know why the office cleaner occupation has a higher "specific vocational preparation" (SVP) level than the commercial cleaner occupation.  (Tr. 395-96).

2 - ORDER

Citing to SSR 83-12, plaintiff argues that he has no transferable skills and the base of medium exertional level occupations available to him is so eroded that he is disabled under the "light" and "sedentary" "grid rules," 20 C.F.R. Pt. 404, Subpt P., App. 2, Rules 201.06 & 202.06.  Social Security Ruling 83-12 does not require a determination of disability or the application of certain medical vocational grid rules.  Thomas v. Barnhart, 278 F.3d 947, 960 (9th Cir. 2002) (citing to Moore v. Apfel, 216 F.3d 864, 870-71 (9th Cir. 2000)).  Rather, the ruling specifies that in certain circumstances, adjudicators must consider that a significantly reduced occupational base could justify a finding of disabled and the assistance of a vocational expert is advisable.  SSR 83-12.  There is no basis for the court to find plaintiff disabled in the first instance.

The Commissioner argues that the ALJ's errors are harmless, because Dr. Schmechel's opinion that plaintiff cannot function vocationally in highly interpersonal settings does not preclude the ALJ's determination that plaintiff can perform substantial gainful work in the economy as a hand packager.  The court cannot say that the ALJ could not find plaintiff disabled on remand.  See Stout v. Commissioner, 454 F.3d 1050, 1056 (9th Cir. 2006).  For example, the ALJ could determine that plaintiff has no transferable skills and the occupational base is so eroded that plaintiff is disabled.

3 - ORDER

This matter must be remanded for a new decision at a minimum.

## Conclusion

The decision of the Commissioner is reversed. This matter is remanded to the Appeals Council, for remand to the ALJ for a new decision. Nothing herein prevents the ALJ from developing the record.

IT IS SO ORDERED.

DATED this  31st  day of May, 2008.

                                s/ Michael R. Hogan
                              United States District Judge